## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HANDE MUGE AKSU,<br>Adnan Kahveci Mah. Avrupa Cad. No:70/1 D10<br>Beylikduzu, Istabul, Turkiye<br>90 553-488-6229<br><br><br>                          Plaintiff,<br><br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br>2121 I St. NW<br>Washington, DC 20052[1]<br>(202) 994-1000<br><br>                          Defendant. | Civil Action No. 1:26-cv-1697 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant The George Washington University ("University"), by and through its counsel, Saul Ewing LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. The grounds for removal are as follows:

1.      On April 30, 2026, *pro se* Plaintiff Hande Muge Aksu ("Plaintiff") filed a civil action against the University (the "Complaint") in the Superior Court of the District of Columbia, captioned *Hande Muge Aksu v. The George Washington University*, Case Number 2026-CAB-002871 (the "Action"). (A copy of the Complaint is attached to this Notice as **Exhibit A**.)

---

[1] Plaintiff listed this address in the caption, which we have retained on this filing for consistency. The Defendant's correct address is: 1918 F Street NW, Washington, DC 20052.

2.      The Complaint asserts a claim of disability discrimination and associated claims of "coercion and duress," "intentional infliction of emotional distress," and "unjust enrichment." Compl. ¶ 6.

3.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.      28 U.S.C. 1332(a)(2) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."

5.      This civil action is removable pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, because it presents a federal question and is between a citizen of a State and a citizen of a foreign state, while the amount in controversy exceeds $75,000, exclusive of interest and costs.

I.   **Diversity of Citizenship Exists**

6.      Upon information and belief, Plaintiff is a citizen of Turkey, residing in Turkey. Compl. ¶ 2.

7.      The University is a private university located in the District of Columbia and is a citizen of this federal district. Compl. ¶ 2.

8.      The University has not been properly joined and served with a copy of the summons and Complaint. (A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached as **Exhibit B**.)

9.      As a result, the provisions of 28 U.SC. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to this matter. ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined <u>and served</u> as defendants* is a citizen of the State in which the action is brought."

(emphasis added)). Thus, even though the University is a citizen of the District of Columbia, diversity jurisdiction may still form the basis of removal. *Hobson v. Green Fin. Auth.*, No. 26-cv-00531, 2026 WL 880014, at *6 (D.D.C. Mar. 31, 2026) (holding that removal to federal court pursuant to diversity jurisdiction is appropriate where the forum defendant has not been properly served).

10.     Plaintiff "seeks damages in excess of $400,000," Compl. ¶ 7, surpassing the $75,000 threshold amount in controversy required for diversity jurisdiction.

11.     Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

12.      As a result, this action is removable pursuant to 28 U.S.C. § 1441.

**II.     Federal Question Jurisdiction Exists**

13.     Removal is also proper because the Complaint alleges claims that arise under federal disability law.

14.     Without citation to statute, Plaintiff asserts claims for "disability discrimination," "coercion and duress," "intentional infliction of emotional distress," and "unjust enrichment." Allegations concerning disability, "medical crisis," and the "interactive process" appear central to Plaintiff's Complaint. Compl. ¶ 4.

15.     Disability discrimination is prohibited by federal law, including the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

16.     Plaintiff's disability discrimination claim is, therefore, best read to arise out of federal law.

17. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, because federal questions are presented on the face of the Complaint. Further, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the other related claims.

18. As a result, this Action is removable pursuant to 28 U.S.C. § 1441.

**III.    Other Prerequisites for Removal**

19. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the Action.

20. The United States District Court for the District of Columbia embraces the location in which the Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of Court for the Superior Court of the District of Columbia. All parties will receive a copy of the Notice filed with that court.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, the University hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

Dated:  May 18, 2026                                    **SAUL EWING LLP**

*/s/ Jennifer E. Robins*
Jennifer E. Robins (D.C. Bar No. 1032209)
Timothy D. Intelisano (D.C. Bar. No. 90033254)
1919 Pennsylvania Avenue NW, Suite 550

4

5

Washington, D.C. 20006
Tel: (202) 295-6652
jennifer.robins@saul.com
timothy.intelisano@saul.com

*Attorneys for Defendant*

05/18/202657885552.2

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May, 2026, a copy of the foregoing Notice of Removal was filed via the Court's electronic filing system, which caused a copy to be sent to Hande Muge Aksu. A copy was also emailed to Hande Muge Aksu at handemaksu@hotmail.com. On May 19, 2026, a copy of the same will also be served via UPS, postage prepaid, to Hande Muge Aksu, Adnan Kahveci Mah, Avrupa Cad. No:70/1 D10, Beylikduzu, Istabul, Turkiye.

*/s/ Jennifer E. Robins*
Jennifer E. Robins

6

05/18/202657885552.2