IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HANDE MUGE AKSU,
Plaintiff,

v.

GEORGE WASHINGTON UNIVERSITY,
Defendant.

Civil Action No. 1:26-cv-01697-DLF

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Hande Muge Aksu, proceeding pro se and as a disabled individual, respectfully submits this Opposition to Defendant George Washington University's Motion to Dismiss.

INTRODUCTION

Defendant attempts to frame this case as merely untimely and procedurally defective while ignoring the extraordinary disability-related circumstances, coercion, lack of accommodation, continuing harm, and severe barriers to court access experienced by Plaintiff.

Plaintiff underwent serious neurological medical treatment while attending Defendant university and was subsequently placed into coercive disciplinary proceedings without meaningful accommodation, legal support, or disability protections.

Plaintiff alleges that Defendant failed to engage in any meaningful disability accommodation process and instead pressured Plaintiff into signing a withdrawal agreement under circumstances involving severe distress, disability-related impairment, fear, intimidation, and unequal bargaining power.

The effects of these actions did not end in 2005. The consequences have continued for many years and have directly affected Plaintiff's educational status, emotional condition, financial condition, and Maryland custody-related proceedings.

CONTINUING HARM

The injuries caused by Defendant's conduct are ongoing.

The continuing effects include:

psychological trauma,
educational harm,
financial instability,
reputational damage,
disability-related hardship,
and continuing consequences affecting Plaintiff's Maryland custody matters.

Plaintiff's claims therefore involve continuing harm and continuing consequences that extend beyond the original events.

EQUITABLE TOLLING

RECEIVED

MAY 27 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Any statute of limitations should be equitably tolled because Plaintiff suffered significant disability-related limitations, neurological impairment, psychological trauma, and prolonged inability to effectively access legal systems.

Plaintiff also proceeded without counsel and experienced substantial barriers to court access.

Additionally, Defendant's conduct itself contributed to Plaintiff's inability to timely and effectively pursue legal remedies.

COERCION AND WITHDRAWAL AGREEMENT

Plaintiff disputes the validity and enforceability of the Withdrawal Agreement.

The agreement was signed under coercive circumstances involving:

disability-related vulnerability,
lack of legal counsel,
threat of removal and arrest,
emotional distress,
unequal bargaining power,
and absence of meaningful opportunity for review.

Plaintiff further alleges that Defendant failed to reasonably accommodate Plaintiff's disability before imposing disciplinary and withdrawal-related measures.

ACCESS TO COURT

Plaintiff is a disabled pro se litigant facing substantial financial and technological barriers.

Plaintiff has experienced serious obstacles accessing PACER, electronic filing systems, printing/scanning resources, and federal court procedures.

Dismissal under these circumstances would severely prejudice Plaintiff and undermine meaningful access to justice for a disabled self-represented litigant.

MARYLAND CONNECTION

This matter also has substantial Maryland-related consequences because the effects of Defendant's conduct directly impacted Plaintiff's Maryland custody-related proceedings and continuing life circumstances within Maryland.

The continuing injuries and effects therefore extend beyond the District of Columbia.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss be DENIED.

Plaintiff further requests any additional relief the Court deems just and proper.

Respectfully submitted,

Hande Muge Aksu
Plaintiff Pro Se
handemaksu@hotmail.com

Date: 05/27/2026

Signature: _____